By the Court.—Speir, J.
The evidence shows clearly that there was no negligence on the part of the men moving the derrick. The negligence complained of was that of Webber, in sending an insufficient number of men to do the work of removing the derrick, which was done in his absence, and at the same time sending the plaintiff to a position in which injury was inevitable should any accident occur. The cause of the derrick’s fall was that its weight was greater than *90 the men assigned to the task of moving it could sustain.
The defendants had employed Webber to select and hire the workmen, and they gave to him full discretion as to the number to be employed in the work on hand at any particular time, and full control of the manner and conduct of the operation.
There can be no question but the motion of the defendants for a nonsuit at the close of the plaintiff’s case was properly refused. It was not pretended that the men in charge of removing the derrick were not sufficiently careful in doing the work to which they had been assigned by Webber. He represented the defendants, and if there was any neglect of duty on his part the defendants are responsible, although the plaintiff and himself were in their employ; for the evidence in the case clearly shows that Webber did not stand in the same relation to the defendants and to the plaintiff respectively which the other workmen did.
It is claimed that the judgment should be reversed for the reason that the court erred in charging the jury, in substance, that while the defendants were not liable if the injuries were occasioned solely through the negligence of defendants’ servants other than the foreman, Webber, they were responsible for Webber’s negligence, if any, in the same manner and to the same extent as if his negligence had been their own. The defendants delegated to their foreman the performance of the duties they owed to-their other employees, and he failed to furnish a sufficient number of workmen to perform the work in hand. This constituted negligence, for which the defendants are responsible (Flike v. Boston & Albany R. R. Co., 53 N. Y. 554). It does not matter how careful the defendants were in the' selection of Webber for the post assigned him, they are responsible for his failure to provide a sufficient *91 force safely to perform the work in hand. Nor does the rule apply that the master is not liable to a servant for injuries resulting solely through the negligence of a fellow-servant.
The court refused to charge the jury according to defendants’ fifth request: “ That if the jury believe that Webber was defendants’ foreman or superintendent, charged with the special duty of superintending the work in question, but performed it under general instructions from defendants, the plaintiff cannot recover.” We think the refusal was proper. Such a charge would, in effect, confound Webber’s agency with that of a mere foreman, charged, it is true, with special duties, but performing them under general or special instructions from the principal, who retains and has the general supervision of the business, and to whom and whose direction all are subject. The distinction is entirely lost sight of, as plainly appears in the case of Flike v. Boston & Albany R. R. Co. (53 N. Y. 549). In the case at bar the master abdicates the management and control of the work in favor of the employee ; in the case last cited the principal retains and holds the general supervision of the business.
The second, third and fourth requests to charge were properly refused. These were based upon the 'mistaken notion that, as a matter of law, and upon the facts in evidence, that the defendants were not liable for Webber’s carelessness.
The judgment and order appealed from must be affirmed, with costs.
Van Vorst, J., concurred.